IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLISON KOWALSKI, Individually and as Administrator of the ESTATE OF MARK KOWALSKI, Deceased, | : : : : | **CIVIL ACTION NO. 4:CV-12-1158**  (Chief Judge Kane) |
| Plaintiff | : : | (Magistrate Judge Blewitt) |
| v. | : : | |
| PBM LOGISTICS, LLC, PATRICK L. WEBB, PATTI PYATT, XTRA LEASE, REPUBLIC NATIONAL INDUSTRIES OF TEXAS, LP, AND TENCO TRANSPORTATION, LLC, | : : : : : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.     Background**.

This case arises from a motor vehicle accident which occurred on January 21, 2011, in South Centre Township, Pennsylvania, in which Decedent Mark Kowalski died from severe injuries suffered as a result of the accident. (Doc. 2, p.1-2). Decedent Mark Kowalski was the driver of a tractor-trailer involved in the accident with Defendant Patrick Webb, also the driver of a tractor-trailer. (*Id.*).   Plaintiff Allison Kowalski is the widow of Decedent Mark Kowalski.

Initially, on February 18, 2011, Plaintiff filed a Praecipe for a Writ of Summons in the Lackawanna County Court of Common Pleas ("CCP") against Defendants PBM Logistics, LLC ("PBM") and Patrick L. Webb ("Webb"). (Doc. 2-1, CCP Docket Number 11-CV-1194). On April 28, 2011, Plaintiff filed a Praecipe for a Writ of Summons in the CCP against Defendants XTRA Lease ("XTRA") and Patti Pyatt ("Pyatt"). (Doc. 2-2, CCP Docket Number 11-CV-2670). Additionally, on May 24,2011, Plaintiff filed a Praecipe for a Writ of Summons in the CCP

against Defendant Republic National Industries of Texas, LP ("Republic").  (Doc.2-3, CCP Docket Number 11-CV-3250). Lastly, Plaintiff filed a Praecipe for a Writ of Summons in the CCP against Defendant TENCO Transportation, LLC ("TENCO") on June 17, 2011. ( Doc. 2-4, CCP Docket Number 11-CV-3714).  All Praecipe for a Writ of Summons Plaintiff filed against the stated Defendants related to the January 21, 2011 motor vehicle.

On March 20, 2012, Plaintiff filed a Complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania,  under the CCP Docket Number 12-CV-1787. (Docs. 1-2 & 7-1. Ex. C, p. 3). Plaintiff filed her Complaint against all six Defendants listed above.  Plaintiff asserts twenty-one (21) counts against Defendants, including a survival action, wrongful death action, and negligence. (Doc. 1-2).

On June 18, 2012, this case was removed to the United States District Court for the Middle District of Pennsylvania by Defendants PBM, Webb, and Pyatt, based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a). (Doc.1).

Presently before the Court is Plaintiff's Motion to Remand this case back to the CCP of Lackawanna County. Specifically, on June 25, 2012, Plaintiff filed with this Court a Motion to Remand and a Brief in Support of her Motion. (**Doc. 2** & Doc. 3).[1]  Plaintiff attached exhibits

---

[1] Pursuant to the United States District Court for the Middle District of Pennsylvania, Local Rule 7.6, Defendants XTRA and TENCO are deemed to not oppose Plaintiff's Motion to Remand.   Local Rule 7.6 provides:
> Any party opposing any motion,...shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under theses rules, within seven (7) days after service of the motion. Any party who fails to comply with such motion is deemed not to oppose such motion. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the

of her Motion to Remand, namely copies of the Praecipes for a Writ of Summons she filed in the CCP against Defendants. (Docs. 2-1 to 2-5). Defendants PBM, Webb, and Pyatt then filed a Response in Opposition to Plaintiff's Motion on July 3, 2012. (Doc. 4).

On July 6, 2012, Defendant Republic filed a Motion for Partial Dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5). Subsequently, on July 11, 2012, Plaintiff filed a Motion to Stay Defendant Republic's Motion for Partial Dismissal until the Court decided her Motion to Remand. (Doc. 6). Defendant Republic concurred with Plaintiff 's Doc. 6 Motion. We granted Plaintiff's unopposed Motion to Stay on July 16, 2012. (Doc. 11).

Further, on July 11, 2011, Defendant Republic filed a Response in Opposition to Plaintiff's Motion to Remand (Doc. 7), and on July 13, 2012, Defendant PBM, Webb, and Pyatt filed a Memorandum of Law in Support of their Opposition to Plaintiff's Motion to Remand. (Doc. 8). On July 20, 2012, Defendant Republic filed a Brief in Support of its Response in Opposition to Plaintiff's Motion to Remand. (Doc. 14). Also, on July 20, 2012, Plaintiff filed her Reply Brief in Support of her Motion to Remand (Doc.15), and on July 25, 2012, Plaintiff filed her Reply Brief to Defendant Republic National Industries' Brief in Opposition to her Motion to Remand. (Doc.16).

Plaintiff's Motion to Remand is ripe for disposition. We have been assigned this case for pre-trial matters pursuant to 28 U.S.C. §636(b).

---

prescribed period for filling a brief in opposition.

**II.     Discussion.**

The Court in *The Bachman Co. v. MacDonald*, 173 F. Supp. 2d 318, 322 (E.D. Pa. 2001), stated the removal standard as follows:

> In general, a party is able to remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction to hear the matter. *Lumbermans Mut. Cas. Co. v. Fishman*, No. 99-0929, 1999 WL 744016, at *1 (E.D. Pa. Sept. 22, 1999) (citing 28 U.S.C. § 1441(b) (1999); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991)).  Once the case has been removed, however, "the federal court may remand if there has been a procedural defect in removal." *Kimmel v. DeGasperi*, No. 00-143, 2000 WL 420639, at * 1 (E.D. Pa. Apr. 7, 2000) (citing 28 U.S.C. § 1447(c) (West 1994)).  Remand is mandatory if the court determines that it lacks federal subject matter jurisdiction. *Id*. (citing 28 U.S.C. § 1447(c) (West 1994)).  "When a case is removed from state court, the removing party bears the burden of proving the existence of federal subject matter jurisdiction." *Id*. (citing *Boyer*, 913 F.2d at 111).

"Removal statutes are strictly construed by Courts and all doubts are resolved in favor of remand." *Id*. (Citations omitted).

Further, as the Court in *James v. Electronic Data Systems Corp.*, 1998 WL 404817 * 2 (E.D. Pa.), stated:

> Initially, the court must look to whether the state court claim was removable on its face. *Sfirakis v. Allstate Insurance Co.*, No. CIV. A. 91-3092, 1991 WL 147482, at *2 (E.D. Pa. July 24, 1991).  Where the jurisdictional amount of damages is challenged, the amount alleged by the plaintiff in her complaint controls rather than the amount alleged in the defendant's notice of removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

Further, the statutory provision at issue here is 28 U.S.C. § 1446 which governs the procedure for removal. Specifically, §1446(b) and §1446(c) provide:

> (b) Requirements; Generally.
>
> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> (2)
>
>> (A) When a civil action is solely removed under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>>
>> (B) Each Defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>>
>> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
>
> (3) Except as provided in subsection (C), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, though service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
>
> (c) Requirements; Removal Based on Diversity of Citizenship
>
> (1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by §1332 more than one year after commencement of the action; unless the district court finds the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

Plaintiff argues remand of this case back to state court is required because Defendants PBM, Webb and Pyatt, hereinafter ("Defendants PBM"), violated §1446(c)(1) by filling their

Notice of Removal more than one year after commencement of the action. (Doc. 2, p. 4). Additionally, Plaintiff states that she commenced this action by filing a Praecipe for a Writ of Summons against the moving Defendants in the CCP on February 18, 2011, and not by filing her Complaint in the CCP on March 20, 2012. (Doc. 2, p. 5 & Doc. 2-1).[2] Also, in her Memorandum, Plaintiff argues that she did not act in bad faith in order to prevent Defendants from removing this action, and that Defendants were aware of the nature of the action and the citizenship of the various parties involved due to the Writs of Summons she filed in the CCP. (Doc. 3, p. 7). We agree with Plaintiff that Defendants were aware of the nature of the action and the citizenship of the various parties involved due to the Writs of Summons she filed in the CCP. (Doc. 2-1).

Further, in her recently filed Reply Briefs (Doc. 15 & Doc. 16), Plaintiff argues:

> The mere fact that Plaintiff's complaint consolidated a number of different actions does not change the fact that Plaintiff commenced the action against these Defendants under Pennsylvania law more than more year ago, and Defendants, who knew they have a basis for removal on the face of the summons and who could have demonstrated that Plaintiff file a complaint, who actually engaged in pre-complaint discovery, sat on their rights.[3]

(Doc. 15, p. 6 & Doc.16, p. 5).

---

[2] We also note, Plaintiff filed a Writ of Summons against Defendant Pyatt on April 28, 2011, and against Defendant Republic on May 24, 2011. (Docs. 2-2 & 2-3).

[3] Plaintiff in her Reply Briefs contends that Defendants PBM failed to file their Brief in Opposition to her Motion to Remand. ( Doc. 15, p. 6). This argument is without merit, in that the Docket Sheet for this case 12- cv-01158, M.D. Pa., specifically lists Defendants PBM's Brief (Doc. 8) as "Brief in Opposition to (Doc. 2) Motion to Remand."

Defendants PBM contend in their Notice of Removal (Doc. 1), Response to Plaintiff's Motion to Remand (Doc. 4), and Memorandum in Support (Doc. 8), that removal was proper because Defendants removed the case to Federal Court within thirty (30) days of being served with the Plaintiff's Complaint, pursuant to the requirements of §1446(b)(1). (Doc. 1, p. 1). Further, Defendants PBM claim the instant action was not commenced with Plaintiff's filing of the Writs of Summons, but rather when the Plaintiff filed her Complaint with the CCP on March 20, 2012. (Doc. 8, p. 2). Moreover, Defendants PBM argue, "[t]he Writ of Summons noted in Plaintiff's motion refers to other actions initiated in Lackawanna County, Pennsylvania in 2011." ( Doc. 4, p. 3). Defendants PBM state that because Plaintiff's Writs of Summons and Complaint have different docket numbers in the CCP, they were not related. (*Id*.).   Also, we note that Defendants PBM did not allege that Plaintiff acted in bad faith in order to prevent Defendants from removing this action.

Defendant Republic joins in Defendants PBM's Response in Opposition to Plaintiff's Motion to Remand. (Doc. 7, p. 2). Defendant Republic argues that Plaintiff commenced this action when she filed her Complaint on March 20, 2012, in the CCP and not when she filed the Writs of Summons against the Defendants. (Doc. 7, p.3). Therefore, Defendant Republic states removal was timely when Defendants PBM filed the Notice of Removal on June 18, 2012. (Doc. 14, p. 1). Further, Defendant Republic admits to receiving the Writ of Summons Plaintiff filed against it in the CCP, however, Defendant Republic, like Defendants PBM, argues that the Writ of Summons it received was unrelated to the present action. (Doc. 7, p. 4). Like Defendants PBM, Defendant Republic also does not allege Plaintiff engaged in bad

faith against Defendants in order to prevent Defendants from removing this action. Although we agree with all parties that diversity citizenship and the amount in controversy is met,[4] we will recommend that this case be remanded to state court because Defendants PBM's Notice of Removal was untimely, i.e. it was filed more than one year after the date of commencement of Plaintiff's action. Additionally, we find the exception in §1446(c)(1) does not apply in this case.

Initially, while Plaintiff filed her writ of summons against PMB Defendants in the CCP on February 18, 2011 (Doc. 2-1), we find that PMB Defendants' 30-day removal period under §1446(b) began to run on June 8, 2012 when PMB Defendants were served with Plaintiff's March 20, 2012 Complaint she filed in the CCP and that PMB Defendants' June 18, 2012 Notice of Removal occurred within the statutory 30-day removal period. *See*

---

[4]We find that the diversity jurisdictional requirements have been met in the present case. The Court in *James v. Electronic Data Systems Corp.*, 1998 WL 404817 *2 (E.D. Pa.), stated:
> In order to remove a case from state court to the district court, federal jurisdictional requirements must be met. *Medlin v. Boeing Vertol Co.,*, 620 F.2d 957, 960 (3d Cir. 1980). It is the responsibility of the district court to inquire, *sua sponte*, into the question of subject matter jurisdiction. *Id.* The district court has removal jurisdiction where there is diversity of citizenship among the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interests. [FN5] 28 U.S.C. §§ 1332 and 1441 (1994).
>
>> FN5.  28 U.S.C. § 1332(a) provides in pertinent part: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - - (1) citizens of different states . . . ."

*Donato-Cook v. State Farm Fire & Cas. Co.*, 2009 WL 2169168, *2 (July 20, 2009).

However, we concur with Plaintiff that her case should be remanded to the CCP since PMB Defendants' Notice of Removal was filed more than one year after she commenced her action in the CCP. *Id*. In *Donato-Cook,* 2009 WL 2169168, *2, the Court stated:

> Plaintiffs' second argument presents issues that are similar to the issues present in two other cases decided by this Court. See *Penn Patio Sunrooms, Inc. v. Ohio Cas. Ins. Co.*, No. 3:08-CV0120, 2008 WL 919543, at *1 (M.D.Pa. Mar. 31, 2008) (Caputo, J.); *Namey v. Malcolm*, 534 F.Supp.2d 494 (M.D.Pa.2008) (Conaboy, J.). In *Penn Patio* and *Namey,* the District Court for the Middle District of Pennsylvania interpreted the one-year limit to be an absolute bar running from the date of commencement by a writ of summons, regardless of whether an initial pleading-that is, a complaint—was filed. Penn Patio, 2008 WL 919543 at *2-3; Namey, 534 F.Supp.2d at 497-98. In both of the prior cases, the defendants had the right under Pa. R. Civ. P. 1037(a) to file a praecipe compelling the plaintiffs to file a complaint. Penn Patio, 2008 WL 919543 at *3; Namey, 534 F.Supp.2d at 498. Such a complaint would have qualified as an initial pleading and would have either (1) triggered the thirty-day limit of paragraph one of §1446(b), or (2) triggered the one-year limit of paragraph two of § 1446(b) by presenting a case that was not removable. However, the *Penn Patio* and *Namey* defendants did not file praecipes, and their failure to assert their rights contributed to the courts' findings that their notices of removal were untimely. *Penn Patio*, 2008 WL 919543 at *3; *Namey,* 534 F.Supp.2d at 498.

In the present case, similar to the *Penn Patio* and *Namey* cases, PMB Defendants did not file a praecipe in the CCP compelling Plaintiff to file her Complaint after they were served with her Praecipe for a Writ of Summons as they could have done. Thus, as in *Penn Patio* and *Namey,* we find that PMB Defendants' Notice of Removal in our case was barred by the one-year exception stated in 28 U.S.C. §1446(b), and we will recommend that

Plaintiff's action be remanded to the Lackawanna County CCP.

Specifically, in *Namey v. Malcolm*, 534 F. Supp.2d 494, 496 (M.D. Pa. 2008), the Court held removal by the Defendants was untimely because they filed the Notice of Removal more than a year after the Plaintiff had commenced the action. In *Namey*, the Plaintiffs commenced the action by filing a Praecipe for Writ of Summons in the Court of Common Pleas in Luzerne County, Pennsylvania. *Id*. The Court noted the Defendants cited opinions and rules that govern the commencement of an action in Federal Court, and pointed out that its case commenced in state court, *i.e.* the Luzerne County Court of Common Pleas, when Plaintiffs filed a writ of summons. *Id*. at 497. Also, in the *Namey* case, as in our case, Defendants did not file a praecipe in the CCP, under Pa.R.Civ.P. 1037(a), compelling Plaintiffs to file their Complaint after Defendants were served with Plaintiffs' Praecipe for a Writ of Summons.

In *Samii v. Allstate Insurance Co.*, 2010 WL 3221924, at *1 (E.D. Pa. Aug. 12, 2010), Plaintiffs filed a Praecipe for a Writ of Summons on August 14, 2006, in Court of Common Pleas of Chester County, Pennsylvania, and thereafter filed a Complaint on March 14, 2010. The Defendants, in that case, filed a Notice of Removal to federal court on May 21, 2010. *Id*. The Court ruled that removal was untimely because the Defendants removed the case over three years after the case was commenced, on August 14, 2006, the date Plaintiffs filed a Praecipe for a Writ of Summons. *Id*. Further, the Court applied Pa. R. Civ. P. 1007, which states that under Pennsylvania law an action is commenced by filing either a complaint or a praecipe for writ of summons with the Prothonotary. *Id*. Thus, the Court in *Samii* found that

Defendant's removal of the case to federal court was untimely and remanded the case to state court. The *Samii* Court stated that "Defendant is not excused from the one-year deadline simply because the writ of summons did not provide a basis for removal." *Id*. As stated, in our case, we agree with Plaintiff that PBM Defendants were aware of the nature of her action and the citizenship of the various parties involved due to the Writs of Summons she filed in the CCP. (Doc. 2-1).

Therefore, we find that the present action was commenced by Plaintiff against Defendants PBM and Webb on February 18, 2011, pursuant to Pa. R. Civ. P. 1007, in the CCP of Lackawanna County when Plaintiff filed the Praecipe for Writ of Summons. (Doc. 2-1). *See Donato-Cook,* 2009 WL 2169168, *2. Further, Plaintiff's action was commenced against Defendant Pyatt on April 28, 2011 (Doc. 2-2), and against Defendant Republic on May 24, 2011, in the CCP (Doc. 2-3). Even though Plaintiff's action was commenced on different dates *via* the Praecipes for Writ of Summons, the removal of this case to federal court was still untimely because Defendants PBM, Webb and Pyatt did not remove the case until June 18, 2012, more than a year after the action was commenced against all Defendants involved. Accordingly, we agree with Plaintiff and find that the Defendants PBM violated 28 U.S.C. §1446(c)(1) due to their Notice of Removal being filed more than one year after Plaintiff's commencement of the action.[5]  *See Donato-Cook,* 2009 WL 2169168,

---

[5]Further, even if Defendants attempted to use the latest filing date of Plaintiff's Praecipe for Writ of Summons, namely, Plaintiff filed her Praecipe for Writ of Summons against Defendant TECNO on June 17, 2011 (Doc. 2-4), Defendants PBM's Notice of Removal was still filed more than one year after, *i.e.* June 18, 2012.

*3.

Moreover, we recognize Defendants' argument that the Writs of Summons Plaintiff filed against Defendants in the CCP all have different civil docket numbers on them and that the Writs had different docket numbers than the Complaint Plaintiff later filed. However, we disagree with the Defendants that because of these different docket numbers, Plaintiff's Writs involved different actions of the Plaintiff.

Plaintiff, in her Reply Briefs (Doc. 15 & Doc. 16), indicates that the Writs of Summons she filed against Defendants in the CCP with different docket numbers were consolidated when her Complaint was filed, and that the action against the Defendants was commenced when the Writs were filed. We agree with the Plaintiff. Even though the Plaintiff's Praecipes for Writ of Summons were filed under different docket numbers in the CCP than her Complaint, the record shows that the action, as a whole, was the same in nature. All Defendants that Plaintiff filed a Praecipe for Writ of Summons against were the same Defendants named in her Complaint. Further, on the CCP of Lackawanna County docket number 12-CV-1787, *i.e.* the CCP docket number under which Plaintiff's Complaint was filed, the Court references the Praecipes for Writ of Summons that were previously filed by the Plaintiff. Lastly, the Defendants provided no evidence that the Writs of Summons previously filed by Plaintiff were from different actions other than this present one.

**III.     Recommendation.**

Based on the foregoing discussion, it is respectfully recommend Plaintiff's Motion to Remand (**Doc. 2**) this case back to the Court of Common Pleas of Lackawanna County, Pennsylvania, be **GRANTED** since Defendants are barred from removing this case pursuant to the one-year exception of §1446(b).


                                            s/ Thomas M. Blewitt
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**


**Dated: August 6, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLISON KOWALSKI, Individually and as | : | CIVIL ACTION NO. **4:CV-12-1158** |
| Administrator of the ESTATE OF MARK | : | |
| KOWALSKI, Deceased, | : | (Chief Judge Kane) |
| | : | |
| Plaintiff | : | (Magistrate Judge Blewitt) |
| | : | |
| v. | : | |
| | : | |
| PBM LOGISTICS, LLC, PATRICK L. WEBB, | : | |
| PATTI PYATT, XTRA LEASE, REPUBLIC | : | |
| NATIONAL INDUSTRIES OF TEXAS, LP, | : | |
| AND TENCO TRANSPORTATION, LLC, | : | |
| | : | |
| Defendants | : | |

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing

Report and Recommendation dated **August 6 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:
> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file

with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis  of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute wavier of any appellate rights.

                                                    **s/ Thomas M. Blewitt**
                                                    **THOMAS M. BLEWITT**
                                                    **United States Magistrate Judge**

**Dated: August 6, 2012**